THE INTER-STATE SURETY COMPANY, Appellant, v. THOMPSON, Respondent.

(186 N. W. 115.)

(File No. 4962.   Opinion filed January 10, 1922.)

1.  **Pleadings—$1000 Surety Bond Re Building Contract, Suit For Premium On—Allegation of Promise to Pay Specified Premium on Each $1000 Worth of Work Done, Whether Complaint Good Therefor.**

In a suit for premiums on a surety bond in the sum of $1000 for faithful performance of a building contract, a complaint alleging an agreement to furnish the bond for which defendant contractor agreed to pay plaintiff as premium $15 on each $1000 worth of work actually done, states a cause of action; so held without deciding whether recovery could be had on the basis of $3600 worth of work actually done; defense being that liability was limited to a premium on only $1000.

2.  **Evidence—Surety Bond to County in $1000 Under Building Contract, Alleged Agreement to Pay Specified Premium For Each $1000 of Work Actually Done—Extrinsic Evidence, Rule Re Inapplicability As Between Surety and County.**

The rule that prior negotiations are merged in a written instrument, is inapplicable to plaintiff's surety bond to a county

under a building contract, where plaintiff sues contractor for premiums alleged to be due for the bond; such undertaking defining only the liability of the makers to the county, and not ther liability to contractor.

Anderson, J., not sitting.

Appeal from Circuit Court, Roberts County. Hon. FRANK ANDERSON, Judge.

Action by the Inter-State Surety Company, a corporation, against P. G. Thompson, to recover premiums alleged to be due under a surety bond. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed, with directions.

*Sterling & Clark,* and *Jorgenson & Anderberg,* for Appellant.

*Geo. S. Rix,* for Respondent.

(2)   To point two of the opinion, Respondent cited: American Surety Co. v. Thurber, 121 N. Y. 655, 23 N. E. 1129.

GATES, P. J.   This appeal is from a judgment dismissing the action; the defendant's general demurrer to the complaint having been sustained, and the plaintiff having elected to stand upon the complaint.

[1]   The complaint alleges that plaintiff is a corporation, engaged in the business of writing surety bonds; that defendant entered into a contract with Roberts county for the construction of highways; that defendant, as principal, and plaintiff, as surety, entered into an undertaking with said county in the sum of $1,000 for the faithful performance of the contract, which undertaking is set forth in the complaint; that defendant "entered into an agreement with the plaintiff to furnish for him said bond, for which the defendant promised and agreed to pay the plaintiff as a premium on said bond the sum of $15 on each $1,000 worth of work actually done;" that defendant performed work under the contract aggregating, and was paid, the sum of $36,489.42; that the total premium due the plaintiff was the sum of $547.34, and that no part of the premium has been paid, except the sum of $15.

It is argued by respondent that, as the liability of appellant was only $1,000 it could only collect a premium of $15. It is argued by appellant that its risk in becoming liable for $36,000 of work was 36 times as great as if the work aggregated only $1,000, and that by reason of its continued exposure to risk it is entitled to receive the premium on each $1,000 of work.

These matters are not before us, and we express no opinion thereon. The above-quoted portion of the complaint alleges an express promise by defendant to pay as premium the sum of $15 on each $1,000 of work. The complaint, therefore, states a cause of action. Whether the proof will sustain the allegation is not for us to conjecture.

[2] It is urged by respondent that all prior negotiations were merged in the undertaking, and therefore that extrinsic evidence as to agreements between plaintiff and defendant would be inadmissible. The undertaking is, and, being in the ordinary form of an undertaking, naturally would be, silent as to the matter of premium. The legal principle urged is not applicable. The undertaking purports to define the liability of the makers to Roberts county. It does not purport to define the liability of the principal for the payment of premium.

The judgment is reversed, with directions to enter an order overruling the demurrer to the complaint.

ANDERSON, J., not sitting.